BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
NEIL P. THAKOR (Cal. Bar No. 308743)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6159/6595
     E-mail:    Rahul.Hari@usdoj.gov
                Neil.Thakor@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MAKSIM ZAITSEV,<br><br>　　　　Defendant. | No. 2:25-cr-00154-SPG<br><br>GOVERNMENT'S OPPOSITION TO MOTION IN LIMINE #1 TO EXCLUDE EXPERT TESTIMONY OF DR. STEVEN SHIN<br><br>Trial Date:　5/20/2025<br>Location:　Courtroom of the Hon. Sherilyn Peace Garnett |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Rahul R.A. Hari and Neil P. Thakor, hereby files its opposition to defendant's motion in limine #1 to exclude the expert testimony of Dr. Steven Shin.

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 30, 2025                    Respectfully submitted,

                                          BILAL A. ESSAYLI
                                        United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                                /s/
                                        RAHUL R.A. HARI
                                        NEIL P. THAKOR
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Maksim Zaitsev assaulted Deportation Officer I.R. by biting down and fracturing his finger.  Though he has not specified his exact theory, defendant intends to claim that he acted in self-defense, thereby putting the burden on the government to show that the defendant reasonably believed the use of force was necessary and that he used no more force than appeared reasonably necessary under the circumstances.

At trial, the government seeks to introduce expert testimony from an orthopedic hand specialist, Dr. Steven Soohwan Shin, to testify on the severity of the victim's injuries and to rebut defendant's theory of self-defense.  In April 2025, the government provided a summary of Dr. Shin's opinions, and then supplemented that notice specifying Dr. Shin's opinions in response to defendant's objections.  The expert disclosures were timely because they did not violate any deadline, and the defense has a "fair opportunity" to respond to Dr. Shin's anticipated testimony.  That being said, the government cannot anticipate all of the specific opinions necessary to rebut defendant's self-defense theory because defendant has not yet disclosed the basis of their theory to the government.  As a result, the government still expects to continue to supplement its expert disclosures as more information on defendant's self-defense theory comes to light.

To the extent the Court believes the government has not met its expert disclosure obligations, there is no prejudice to the defendant.  Nor has the defendant identified any.  If defendant needs more time, the Court can simply continue the trial, as the last date

to bring defendant to trial without violating his right to a speedy trial is July 3, 2025.

In short, the government has met its disclosure obligations in a timely fashion, and even if it did not, excluding Dr. Shin's testimony would not be the appropriate remedy here.  Defendant's motion should therefore be denied.

**II.   ARGUMENT**

**A.   The Government's Expert Disclosure Is Timely:**

The government's disclosure of Dr. Shin was timely and did not violate any deadline imposed by any rule or order.  The defendant seeks to impose a strict 30-day rule for expert disclosures that does not exist in the Federal Rules of Criminal Procedure, the current Local Rules, or in any of the Court's orders.  The court should reject this unsupported bright-line rule.

The only rule governing the timeliness of expert disclosures applicable to this case is Federal Rule of Criminal Procedure 16(a)(1)(G), which states, absent a local rule or court order (as in this case) "the time [for expert disclosures] must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence."  Fed. R. Crim. P. 16(a)(1)(G).  Here, the government provided its initial notice that it intended to call Dr. Shin 29-days before trial, and then supplemented its notice 21-days before trial.  (Dkt. 54-1, Initial Expert Disclosure; Ex. A, Supplemental Expert Disclosure.)  Courts have found such timing to be sufficient under the rules.  See e.g., United States v. Huerta-Zuniga, No. 2:20-CR-00122-DCN, 2021 WL 2109188, at *4 (D. Idaho May 25, 2021) (government timely disclosed its expert witnesses twenty-one days before trial.).

Defendant does not discuss at all why he would not have a "fair opportunity" to meet the government's evidence. To the contrary, he contends the "case is not complicated." (Mot. at 1.) Indeed, Dr. Shin's testimony should not be surprising, as he will testify on the victim's bodily injury, which the government is required to prove at trial even if the defense does not dispute bodily injury. See United States v. Kennedy, 643 F.3d 1251, 1257 (9th Cir. 2011) ("Kennedy's offer to refrain from disputing whether the individuals in the images were minors and real people is not equivalent to an affirmative stipulation that they were, and so his offer did not relieve the government of its burden of proving those facts beyond a reasonable doubt."). Further, the extent of Dr. Shin's testimony depends, in part, on the defendant's self-defense theory, the basis of which only defendant knows and has yet to disclose.

Moreover, there is still nearly three weeks before trial to address Dr. Shin's expert testimony. And even if defendant had specified how he has not had a fair opportunity to meet the government's evidence (he has not), the Court could always grant a short continuance to July 3, 2025, which would not run afoul of defendant's right to a Speedy Trial. Accordingly, there is more than sufficient time for defendant to have fair opportunity to prepare for the opinions from Dr. Shin.

**B.  The Government Has Disclosed a Complete Statement of Opinions from Dr. Shin Known At This Time**

As a threshold matter, the government's supplemental expert disclosure addresses defendant's objection that the expert disclosure did not contain a complete statement of opinions. (Ex. A, Supplemental Disclosure.) The supplemental expert disclosure further

3

specifies Dr. Shin's opinions, including those based on the information available to it on defendant's self-defense theory.  This includes an opinion that the severity of the fracture is considered to be a Gustilo-Anderson Grade II open fracture and that the victim's injury is not consistent with the victim's hand being in a closed position at the time of the injury.  (Ex. A.)

However, to be clear, the initial disclosure already satisfied Rule 16's disclosure obligations.  This point is illustrated by the defendant's own citation to United States v. Cerna, No. CR 08-0730 WHA, 2010 WL 2347406(N.D. Cal. June 8, 2010).  In Cerna, the defendant objected to a "one sentence summary" of proposed opinions that were identical for four separate experts, which merely stated the experts will testify to the "procedures" they performed in conducting an examination of electronic devices.  Id. at *3. The Court rejected the defendant's challenges, along with its other challenges to generic summaries of medical examiners and gunshot residue experts, on the grounds that these generic summaries were sufficient under the Advisory Committee Notes.  Id. at *4.  Although the Court did find that some of the experts were insufficiently disclosed, it allowed the government to "an opportunity to cure" the disclosures, despite the stipulated deadline for expert disclosures had lapsed 21 days prior.  Id. at *5.

Here, to the extent the government's initial expert disclosure was insufficient, the government has cured those issues.  However, as stated above, the government cannot anticipate every opinion it will elicit from Dr. Shin because it does not know the basis or theory of defendant's self-defense theory.  Huerta-Zuniga, 2021 WL 2109188, at *4 (D. Idaho May 25, 2021) (rejecting motion to exclude experts for

4

being untimely because "the timing problem about which Defendants complain is, at least in part, due to the timing of their own disclosure").  As a result, the Court should permit the government to continue to supplement its disclosure as new information on defendant's self-defense theory comes to light.

### C. Dr. Shin's Expert Testimony Is Relevant To Prove Bodily Injury and to Rebut Defendant's Self-Defense Theory.

Dr. Shin's anticipated testimony is probative on the issue of bodily injury as well as self-defense, namely whether defendant used more force than appeared reasonably necessary in the circumstances. As a result, the severity of the victim's injury and testimony regarding the victim's recovery are directly relevant to meet the government's burden both to prove its case-in-chief and to prove that defendant used more force than necessary.  In addition, Dr. Shin's testimony is relevant to rebut any notion the bite was caused by strikes to the defendant's face as implied in Defendant's Opposition to Motion in Limine #2.  (Dkt. 47 at 2.)

Defendant has tried to eliminate this probative value of this testimony by claiming that he will not dispute the element of bodily injury.  But that offer, even if it occurs, does not relieve the government of its burden of proof at trial. See, e.g., Kennedy, 643 F.3d at 1257; United States v. Malone, 2024 WL 3579493, at *1 (9th Cir. July 30, 2024) ("Even if Malone conceded the intent element in his opening statement, there was no stipulation entered and the Government had the burden to prove this element beyond a reasonable doubt using "'evidence of its own choice'" (quoting Old Chief v. United States, 519 U.S. 172, 186-87 (1997)).  Indeed, this argument deviates from the generally accepted rule that government may prove

its case as it sees fit, even in the face of the defense's stipulation.  <u>Old Chief v. United States</u>, 519 U.S. 172, 189, 117 S. Ct. 644, 654, 136 L. Ed. 2d 574 (1997) ("accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense.").  The government has a right to explain the severity of the injury caused by the defendant's assault, and the jury should be permitted to consider the severity, the long-term effects and health risks the victim is now facing, to get a fulsome picture of the assault.  Dr. Shin's testimony will go directly to these issues and aid the jury in understanding just how badly the defendant injured the victim.

**III. CONCLUSION**

For these reasons, the defendant's motion should be denied and the Court should allow the government to elicit expert testimony from Dr. Shin at trial.

Dated: April 30, 2025                Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

         /s/
RAHUL R.A. HARI
NEIL P. THAKOR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6